UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERAMIAH BROWN,

                           Plaintiff,

v.                                       5:23-CV-0490
                                       (GTS/ML)

CHARTER COMMC'NS HOLDING CO., LLC,

                           Defendant.
_____

APPEARANCES:

JERAMIAH BROWN
   Plaintiff, *Pro Se*
350033 Eddy Road
Lot 85
Theresa, New York 13690

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by Jeramiah Brown ("Plaintiff") against Charter Communications Holding Company, LLC ("Defendant") asserting claims of disability discrimination, is United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that (1) Plaintiff's Complaint be *sua sponte* dismissed with leave to replead for failure to state a claim to the extent it asserts claims under Title V of the Americans with Disabilities Act ("ADA"), Sections 501, 503 and 504 of the Rehabilitation Act, and Title VII of the Civil Rights Act, and (2) Plaintiff's Complaint survive the Court's *sua sponte* review, and require a response by Defendant, to the extent it asserts a claim under Title I of the ADA. (Dkt. No. 6.) For the reasons set forth below, the Report-Recommendation is

accepted and adopted in its entirety.

I.  **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1(c).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.³ Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

³       *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*,

subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

## II. ANALYSIS

Even when construed with the utmost of special leniency, Plaintiff's filing of August 29, 2023, which purports to constitute a "response to [his own] Complaint," contains no specific challenge to any portion of the Report-Recommendation. (*Compare* Dkt. No. 7 [Plf.'s Response] *with* Dkt. No. 6 [Report-Recommendation].) The closest that Plaintiff's "response" comes to doing so is on pages 4 though 7, where it asserts a series of points of law regarding Title V of the ADA, Section 501 of the Rehabilitation Act, and Title VII of the Civil Rights Act (in addition to several points of law regarding other statutes). (*See generally* Dkt. No. 7, at 4-7.) However, Plaintiff does not identify any particular finding or conclusion of the Report-Recommendation that he challenges. (*Id.*) In any event, any such challenges are mere regurgitations of theories of

---

07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

liability, and/or arguments, asserted in his original Complaint and its attachments. (*Compare* Dkt. No. 7 *with* Dkt. No. 1.)[5]  As a result, the Court needs to subject the Report-Recommendation to only a clear error review.  *See, supra,* Part I of this Decision and Order.

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  Even if the Court were to subject the Report-Recommendation to the more-rigorous scrutiny appropriate for a challenged report-recommendation, the Court would reach the same conclusion.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Lovric's Report-Recommendation (Dkt. No. 6) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are *sua sponte* **DISMISSED** **with leave to amend** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B):

>  (1) Plaintiff's claim under Title V the ADA;

>  (2) Plaintiff's claims under the Rehabilitation Act;

>  (3) Plaintiff's claim under Title VII of the Civil Rights Act; and it is further

---

[5]  The Court notes that the deficiencies in Plaintiff's response are conspicuous, considering the fact that had previously received a courtesy copy of both the District's Local Rules of Practice and *Pro Se* Handbook (Dkt. No. 3), and the fact that he is an experienced *pro se* civil rights litigant in this District.  *See* Action Nos. 19-CV-1160, 20-CV-0553, 20-CV-1339, 22-CV-0761, 22-CV-0762.

**ORDERED** that, should Plaintiff chose to amend any of the three above-referenced claims, he must do so in an **AMENDED COMPLAINT** that is filed within **THIRTY (30) DAYS** of the date of this Decision and Order, and that complies with the recommendations set forth on pages 15 and 16 of the Report-Recommendation;[6] and it is further

**ORDERED** that, should Plaintiff file an Amended Complaint within the above-referenced thirty-day time period, that Amended Complaint shall be automatically referred to Magistrate Judge Lovric for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e); and it is further

**ORDERED** that Plaintiff's claim under Title I of the ADA **SURVIVES** the Court's *sua sponte* review, and requires a response by Defendant.

Dated: January 17, 2024
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

---

[6] **If Plaintiff fails to file such a timely Amended Complaint, the Court's dismissal of the three above-referenced claims shall be converted to one with prejudice, without further Order of the Court.**