UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERAMIAH BROWN,

                                    Plaintiff,
                                                                    5:23-CV-0490
v.                                                                  (GTS/ML)

CHARTER COMMC'NS HOLDING CO., LLC;
JAMES GARRISON; DAN HIGHAM;
ROBERT EATON; SHARON LEWIS; and
MARK HERNANDEZ,

                                    Defendants.
_____

APPEARANCES:                              OF COUNSEL:

JERAMIAH BROWN
   Plaintiff, *Pro Se*
350033 Eddy Road, Lot 85
Theresa, NY 13690

THOMPSON COBURN LLP                       CARLOS ALFREDO ORTIZ, ESQ.
   Counsel for Defendants
55 E. Monroe Street, 37th Floor
Chicago, IL 60603

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Jeramiah Brown

("Plaintiff") against Charter Communications Holding Company, LLC and the five above-

captioned individuals ("Defendants") asserting claims of retaliation, sexual harassment, hostile

work environment, and discrimination based on national origin under Title VII of the Civil

Rights Act, are the following: (1) United States Magistrate Judge Miroslav Lovric's Report-

Recommendation recommending that Plaintiff's retaliation claim survive the Court's initial

review of his Amended Complaint but that his remaining claims be *sua sponte* dismissed without leave to amend; (2) Plaintiff's Objection to the Report-Recommendation; (3) Plaintiff's motion to vacate a post-Objection arbitration award issued against Plaintiff; and (4) Defendants' motion to confirm that arbitration award. (Dkt. Nos. 16, 17, 18, 21.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Plaintiff's motion to vacate the arbitration award is denied, and Defendants' motion to confirm the arbitration award is granted.

## I.    RELEVANT BACKGROUND

### A.    Magistrate Judge Lorvic's Report-Recommendation

Generally, in his Report-Recommendation of June 28, 2024, in addition to finding that Plaintiff's retaliation claim should survive the Court's initial review of Plaintiff's Amended Complaint, Magistrate Judge Lovric found that Plaintiff's remaining claims should be *sua sponte* dismissed without leave to amend for failure to state a claim upon which relief can be granted for the following three reasons: (1) Plaintiff's claim of sexual harassment is conclusory, because it fails to allege any facts plausibly suggesting that Defendants made unwelcome sexual advances, requested any sexual favors, or otherwise engaged in any verbal or physical harassment of a sexual nature; (2) Plaintiff's claim of hostile work environment is conclusory, because it is unsupported by factual allegations plausibly suggesting conduct that is sufficiently severe and pervasive; and (3) Plaintiff's claim of discrimination based on national origin is unsupported by factual allegations plausibly suggesting a causal connection between the alleged adverse actions and the alleged discriminatory motivation. (Dkt. No. 16.)

### B.    Plaintiff's Objection to the Report-Recommendation

Generally, in his Objection of July 11, 2024, Plaintiff argues that his Title VII claims of

sexual harassment, hostile work environment and national-origin discrimination should not be dismissed, because he has alleged facts plausibly suggesting those claims. (Dkt. No. 17.) More specifically, with regard to his claim of sexual harassment, Plaintiff argues that, contrary to Magistrate Judge Lovric's finding, his Amended Complaint "details instances of unwelcome sexual advances, derogatory comments, and discriminatory conduct by Defendant Garrison." (*Id.* at 2.) Moreover, with regard to his claim of hostile work environment, Plaintiff argues that, contrary to Magistrate Judge Lovric's finding, his Amended Complaint "alleges that from December 2021 until March 2022, he was subjected to a hostile work environment created by Defendant Garrison, who engaged in physical assault, verbal harassment, and other demeaning and derogatory treatment based on the Plaintiff's Norwegian national origin, gender, and sexual orientation." (*Id.*) Finally, with regard to his claim of discrimination based on national origin, Plaintiff argues that, contrary to Magistrate Judge Lovric's finding, his Amended Complaint "alleges that Defendant Garrison made derogatory comments about his Norwegian national origin, including mocking his bone structure, and that these actions contributed to a hostile work environment and adverse employment decisions." (*Id.* at 3.)

**C.    Plaintiff's Motion to Vacate the Arbitration Award**

Generally, in his motion of August 5, 2024, to vacate an arbitration award that was issued against him on July 31, 2024, Plaintiff argues that the Court should vacate the arbitration award for the following three reasons: (1) the arbitrator exceeded his powers, and failed to make a mutual, final, and definite award upon the subject matter submitted by (a) failing to consider or address in the final award Plaintiff's missing $2,500.00 in wages, (b) failing to acknowledge Charter's retaliation against Plaintiff (and refusal to engage in the required interactive process)

3

for requesting a reasonable accommodation, and (c) allowing New York State to cause Plaintiff

to miss his "Workers' Compensation hearings" by sending his Workers' Compensation

Discrimination Complaint to the incorrect address (i.e., an address other than 350033 Eddy Road,

Lot 85, Theresa, NY 13690); (2) the arbitrator demonstrated evident partiality or corruption by

(a) dismissing Plaintiff's claims of employment contract violations and retaliatory practices

despite substantial evidence of those claims, and (b) allowing his personal telephone number to

be known to a representative of Charter, who threatened to call it (while mocking Plaintiff)

during an interrogatory session; and (3) the arbitrator manifestly disregarded several state and

federal laws by (a) failing to compensate Plaintiff for $2,500.00 in stolen wages, (b) refusing to

provide Plaintiff with reasonable accommodations and retaliating against him for requesting

reasonable accommodations, and (c) breaching the terms of Plaintiff's employment agreement

and retaliating against him for exercising his rights under the law.  (Dkt. No. 18.)

###### D.    Defendants' Motion to Confirm an Arbitration Award

Generally, in their motion of September 17, 2024, to confirm the arbitration award of July

31, 2024, Defendants argue that the arbitration award should be confirmed for the following

reasons: (1) in or about November, 2021, the parties entered into a mutual arbitration agreement;

(2) after Plaintiff filed this lawsuit, he agreed to arbitrate the claims he had asserted in it; (3)

Plaintiff actively participated in the arbitration as exemplified by his participation in the

management conference before Arbitrator Carol E. Heckman, his attendance at his deposition,

and the numerous submissions he made to the American Arbitration Association in Case

Number: 01-23-0002-7745; (4) during the arbitration, Charter filed a Counterclaim, as well as a

motion to dismiss Plaintiff's claims, including his claim of retaliation (based in part on Plaintiff's

misconduct during his deposition, and his failure to prosecute the arbitration proceeding); (5) Arbitrator Heckman granted Charter's motion to dismiss Plaintiff's claims; (6) Charter moved for summary judgment on its Counterclaims against Plaintiff, and Plaintiff failed to oppose Charter's motion for summary judgment, despite being given multiple opportunities to respond to it; and (7) Arbitrator Heckman granted that motion and awarded Charter $23,375.40 in attorneys' fees, plus $700.00 for Charter equipment that Plaintiff had failed to return.  (Dkt. No. 22.)

## II.    GOVERNING LEGAL STANDARDS

### A.    Legal Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection."  N.D.N.Y. L.R. 72.1©).[1]  When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ."  28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

**B.    Legal Standard Governing Review of an Arbitration Award**

"The review of arbitration awards is generally governed by the FAA." *In re Arbitration Before New York Stock Exch., Inc.*, 04-CV-0488, 2004 WL 2072460, at *5 (S.D.N.Y. Sept. 8,

---

[3]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

7

2004) (citing *Halligan v. Piper Jaffray, Inc.*, 148 F.3d 197, 201 [2d Cir.1998], *cert. denied*, 526 U.S. 1034 [1999]).  "Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997).  "Pursuant to 9 U.S.C. § 9, any party to an arbitration may apply to a federal court for an order confirming the award resulting from the arbitration, and the court 'must grant . . . an order [confirming the arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.'" *In re Arbitration Before New York Stock Exch., Inc.*, 2004 WL 2072460, at *5 (quoting 9 U.S.C. § 9) (other citations omitted).

"The Court of Appeals for the Second Circuit 'adhere[s] firmly to the proposition . . . that an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Id.* (quoting *Landy Michaels Realty Corp. v. Local 32B-32J*, 954 F.2d 794, 797 [2d Cir.1992]) (other citations omitted).

> The FAA provides that an arbitration award may be vacated: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

*Id.* at *5-6 (quoting 9 U.S.C. § 10[a]).

As to the fourth of these bases, the Second Circuit has indicated clearly that, "as long as

the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (internal quotation marks omitted). "[A]n arbitrator may exceed her authority by, first considering issues beyond those the parties have submitted for her consideration, or, second, reaching issues clearly prohibited by law or by the terms of the parties' agreement." *Jock*, 646 F.3d at 122-23.

"The burden of establishing the existence of one of the grounds for vacatur rests with the party seeking that form of statutory relief." *Id.* at *6 (citing *Willemijn Houdstermaatschappij*, 103 F.3d at 12) (other citations omitted).

"In addition to the statutory grounds stated in the FAA, the Second Circuit has recognized that an arbitration award may be vacated 'if it is in manifest disregard of the law.'" *Id.* (quoting *Halligan*, 148 F.3d at 202) (other citations omitted). "Manifest disregard clearly means more than error or misunderstanding with respect to the law." *Id.* (citations omitted). "To vacate an arbitration award on the grounds of manifest disregard of the law, 'a reviewing court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Id*. (quoting *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir. 2000) (other citations omitted). "Where there is a 'colorable justification' or a 'rational basis' for an award, it is not in 'manifest disregard of the law.'" *Id*. (citations omitted). "Review of arbitration awards for manifest disregard is 'severely limited.'" *Id*. (citations omitted).

## III. ANALYSIS

A.    **Review of Report-Recommendation**

After carefully reviewing the relevant findings in this action, including Magistrate Judge Lovric's thorough Report-Recommendation and Plaintiff's Objection thereto, the Court can find no error in any portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Lorvic employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. (Dkt. No. 16.)

To those reasons, the Court adds that, contrary to Plaintiff's characterization (in his Objection) of the factual allegations contained in his Amended Complaint, the Court finds that, even when construed with the utmost of special leniency, Plaintiff's Amended Complaint does not allege facts plausibly suggesting the missing events and/or elements described by Magistrate Judge Lovric (including unwelcome sexual advances, requested sexual favors, other verbal or physical harassment of a sexual nature, sufficiently severe and pervasive conduct, and a causal connection between the alleged adverse actions and the alleged discriminatory motivation): rather, the Amended Complaint merely contains conclusory or formulaic recitations of the elements of the claims in question. (*Compare* Dkt. No. 17 *with* Dkt. No. 11.)

B.    **Review of Arbitration Award**

After carefully considering the matter, Plaintiff's motion to vacate is denied, and Defendants' motion to confirm is granted, for the reasons stated by Defendants in their motion papers. *See, supra,* Part I.D. of this Decision and Order. To those reasons, the Court adds that a careful review of the relevant record in this action reveals that none of Plaintiff's arguments in

10

favor of vacating the arbitration award have merit. *See, supra,* Part I.C. of this Decision and Order.

In large part, the arbitrator granted Defendants' motion to dismiss Plaintiff's claims in the arbitration proceeding because of (1) Plaintiff's failure to comply with the arbitrator's order to return Charter work equipment, (2) Plaintiff's abrupt and unilateral termination of his arbitrator-ordered deposition (and making of a number of highly inappropriate remarks during that deposition), and (3) Plaintiff's subsequent failure to appear at two arbitrator-ordered conferences (the second failure occurring after he had been twice warned that the failure could result in dismissal of the arbitration). (Dkt. No. 22, Attach. 8, at 3-9 [attaching pages "2" through "8" of AAA Order of Apr. 23, 2024]; Dkt. No. 22, Attach. 5, at 2-7 [Case Management Order]; Dkt. No. 22, Attach. 7, at 9-11 [Order to Compel Return of Charter Property].)[5] Plaintiff's arguments are essentially that the arbitrator never reached the merits of several of his claims (or issued a final ruling that conflicted with those merits). *See, supra,* Part I.C. of this Decision and Order. However, Plaintiff ignores that the arbitrator was effectively unable to reach those merits because of Plaintiff's own repeated violations of court orders. *Cf. Piston v. Transamerica Capital, Inc.,* 823 F. App'x 553, 558 (10th Cir. 2020) (affirming district court's denial of plaintiff's motion to vacate arbitration award, because plaintiff's argument that the arbitration panel deprived him of a fundamentally fair hearing ignored the fact that the panel dismissed his claim as a sanction for failing to comply with discovery orders). Under the circumstances, the Court can find no error in the arbitrator's dismissal of Plaintiff's claims in the arbitration proceeding.

---

[5] The dismissal order is also based on Plaintiff's simultaneous and vexatious pursuit of both arbitration and federal court litigation regarding the claims asserted in this action (in breach of his arbitration agreement). (Dkt. No. 22, Attach. 8, at 1, 4-5, 9.)

Nor can the Court can find any error in any other aspect of the Arbitration Award, including the award of damages and attorneys' fees on Charter's counterclaims. Regarding Plaintiff's argument that the arbitrator failed to consider Plaintiff's claim for $2,500.00 in missing wages, the arbitrator sufficiently addressed that claim, finding that (1) the claim may not be used by Plaintiff as a reason not to return Charter property, and (2) "[w]hether wages are owed to the Claimant under New York law will be determined after a hearing on the merits of this case." (Dkt. No. 22, Attach. 7, at 11.) As explained in the preceding paragraph, the arbitrator was effectively unable to reach those merits because of Plaintiff's repeated violations of court orders.

Finally, regarding Plaintiff's argument that the arbitrator somehow allowed New York State to cause Plaintiff to miss his "Workers' Compensation hearings" by sending one of his two Workers Compensation Discrimination Complaints to the incorrect address, the Court notes that it does not even liberally construe this argument as attempting to excuse Plaintiff's failure to attend the two arbitrator-ordered conferences referenced by the arbitrator in her decision. (Dkt. No. 22, Attach. 8, at 4, 6, 9 [attaching pages "3," "5" and "8" of AAA Order of Apr. 23, 2024.) In any event, the record indicates that all of the arbitrator's orders (like all other relevant documents in the arbitration proceeding) were received by Plaintiff at his email address of record. (Dkt. No. 22, Attach. 3, at 2; Dkt. No. 22, Attach. 4, at 2; Dkt. No. 22, Attach. 5, at 4; Dkt. No. 22, Attach. 6, at 12, 44, 55-60, 70, 72, 78; Dkt. No. 22, Attach. 7, at 2, 6-7, 12-13, 16-17.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Lovric's Report-Recommendation (Dkt. No. 16) is

12

**ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Plaintiff's Title VII claims of sexual harassment, hostile work environment, and discrimination based on national origin are *sua sponte* **DISMISSED without leave to amend** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

ORDERED that Plaintiff's Title VII retaliation claim **SURVIVES** the Court's initial review of the Amended Complaint; and it is further

ORDERED that Plaintiff's Motion to Vacate the Arbitration Award (Dkt. No. 18) is **DENIED**; and it is further

ORDERED that Defendants' Motion to Confirm the Arbitration Award (Dkt. No. 21) is **GRANTED**; and it is further

ORDERED that the Arbitration Award (Dkt. No. 22, Attach. 9, at 5-10; Dkt. No. 22, Attach. 10) is **CONFIRMED**, including the portions that **DISMISSED** Plaintiff's retaliation claim, and awarded Defendant Charter Communications, LLC, attorneys' fees in the amount of **TWENTY THREE THOUSAND THREE HUNDRED SEVENTY-FIVE DOLLARS AND FORTY CENTS ($23,375.40)** and damages in the amount of **SEVEN HUNDRED DOLLARS AND ZERO CENTS ($700.00)** on its counterclaims in the arbitration proceeding; and it is further

ORDERED that Plaintiff's Amended Complaint (Dkt. No. 11) is **DISMISSED with prejudice** in its entirety, and the Clerk of the Court shall issue a Judgment in favor of Defendants in accordance with this Decision and Order, and in conformance with the Arbitration Award.

Dated: February 4, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge